UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :    INDICTMENT

      -v.-                         :    07 Cr.

COREY ROBERTSON,
CLIVE NELSON, and
HAROLD CREW,

      Defendants.                  :

- - - - - - - - - - - - - - - - -x



07CRIM 944

## COUNT ONE

    The Grand Jury charges:

    1.    In or about January 2007, in the Southern District of New York and elsewhere, COREY ROBERTSON, CLIVE NELSON, and HAROLD CREW, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

    2.    It was a part and an object of the conspiracy that COREY ROBERTSON, CLIVE NELSON, and HAROLD CREW, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B).

## OVERT ACTS

    3.    In furtherance of the conspiracy and to effect the

illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a.  On or about Januay 28, 2007, HAROLD CREW, the defendant, drove with a co-conspirator not named as a defendant herein ("CC-1") to a parking lot of a drug store in the Bronx (the "Drug Store").

    b.  On or about January 28, 2007, CLIVE NELSON, the defendant, entered the Drug Store carrying a black shopping bag.

    c.  On or about January 28, 2007, COREY ROBERTSON, the defendant, exited the Drug Store carrying a black canvas bag, which was later found to contain cocaine.

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

4.  From at least in or about November 2004, up to and including in or about February 2005, in the Southern District of New York and elsewhere, COREY ROBERTSON, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

5.   It was a part and an object of the conspiracy that COREY ROBERTSON, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

## OVERT ACTS

6.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about January 2005, a co-conspirator not named as a defendant herein ("CC-2") unloaded a truck containing cocaine in the Bronx, New York.

b.   In or about January 2005, CC-2 gave COREY ROBERTSON, the defendant, cocaine that CC-2 had obtained from unloading the truck in the Bronx, New York.

(Title 21, United States Code, Section 846.)

## COUNT THREE

The Grand Jury further charges:

7.   In or about January 2005, in the Southern District of New York and elsewhere, COREY ROBERTSON, the defendant, unlawfully, willfully, and knowingly, during and in relation to a

drug trafficking crime for which he may be prosecuted in a court of the United States, namely the offense charged in Count Two of this Indictment, did use and carry a firearm, and in furtherance of such crime, did possess a firearm, to wit, a .40 caliber Taurus semi-automatic handgun, which the defendant possessed while delivering narcotics from New York to Virginia.

(Title 18, United States Code, Section 924(c)(1)(A)(i).)

### FORFEITURE ALLEGATION

8.  As a result of committing one or more of the controlled substance offenses alleged in Counts One and/or Two of this Indictment, COREY ROBERTSON, CLIVE NELSON, and HAROLD CREW, the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts One and/or Two of this Indictment.

9.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

4

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

_____    _____
Foreperson                          MICHAEL J. GARCIA
                                    United States Attorney

```
         UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA

- v -

COREY ROBERTSON, CLIVE NELSON,
and HAROLD CREW,

Defendants.

### INDICTMENT

07 Cr.

(18 U.S.C. §§ 846, 924(c))

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.

10/9/07 *[handwritten notation]* Fld Ind. Pret 11-1-07. The case is Assigned to Judge Swain for all purposes.

*[signature]* Mag Judge