UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA

                                       **07 Cr 944 (LTS)**

                                       **AFFIRMATION IN SUPPORT**
                                       **OF DEFENDANT'S**
                                       **VARIOUS MOTIONS**

          - against -

COREY ROBERTSON, et al

                       Defendants.
------------------------------------------------------------------x

        Richard H. Rosenberg, an attorney duly admitted to practice before the United States District Court for the Southern District of New York and the courts of the state of New York hereby affirms the following under penalty of perjury:

        1.      I am the attorney for defendant Corey Robertson and as such I am fully familiar with the facts and circumstances of this case.

        2.      This affirmation and incorporated Memorandum of Law is submitted in support of defendant's various motions as set forth in the accompanying Notice of Motion.

        3.      This affirmation is submitted upon information and belief, except as to those matters wherein it is stated that your affiant has actual knowledge thereof.

## INTRODUCTION

        4.      Defendant Robertson is charged in all three counts of the indictment. Count One charges that the defendant and his co-defendants, Clive Nelson and Harold Crew, conspired to possess with intent to distribute a quantity of cocaine in excess of 500 grams in violation of 21 U.S.C. §§ 812, 841 (a) (1) and 841 (b) (1) (B). Count two charges defendant Robertson with a separate conspiracy between "in or about November 2004" to "in or about February 2005" to

possess and distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841 (a) (1), 841 (b) (1) (A). Count three charges the defendant with a violation of 18 U.S.C. § 924 (c) (1) (A) (i) in that it is alleged that the defendant possessed a firearm while delivering narcotics from New York to Virginia in January 2005.

## BILL OF PARTICULARS

5.      As stated, counts two and three of the indictment charge the defendant with a conspiracy to possess and distribute more than five kilograms of cocaine and that sometime during January 2005 the defendant transported narcotics from New York to Virginia and possessed a firearm in furtherance of that crime. As pleaded, the defendant is unable to ascertain the nature of the case against him with any specificity; and he is thus unable to prepare his defense adequately.

6. Rule 7 (f) of the Federal Rules of Criminal Procedure provides that the Court may direct that the government file and serve a Bill of Particulars when details of the charges are necessary to prepare a defense, to avoid prejudicial surprise at trial, and to protect against a second prosecution based upon the same facts. United States v. Salazar, 485 F. 2d 1272 , 1278 (2d Cir. 1973), cert. denied, 415 U.S. 985 (1974). In determining whether to order a Bill of Particulars, the Court should consider the complexity of the offense charged and the clarity of the indictment. United States v. Walker, 922 F. Supp 732, 739 (N.D. N.Y. 1996). Here, a broad time frame is alleged. There are no named co-conspirators nor specific locations mentioned.

7. Accordingly, pursuant to Rule 7 (f) of the Federal Rules of Criminal Procedure, for the reasons set forth herein it is respectfully requested that the Court direct the government to provide the following Bill of Particulars:

## WITH RESPECT TO COUNTS TWO AND THREE

a. Specify the dates upon which the defendant allegedly committed the charged offenses;

b. Specify places by address where the defendant allegedly committed the charged offenses.

c. Specify the identities of those persons present when the alleged offenses took place;

d. Specify the names of un-indicted co-conspirators referred to in the counts of the indictment;

e. Specify what is alleged was the manner in which the firearm was "in furtherance" of the narcotics conspiracy;

f. Specify whether the defendant is alleged to have aided and abetted others or acted as a principal. In either case, set forth the nature of his acts that furthered the conspiracy alleged in the indictment.

## EARLY DISCLOSURE OF RULE 404 (b) MATERIAL

8.. The defendant moves for an order directing the government to provide notice pursuant to Fed. R. Evid. 404(b) of its intent to offer evidence during the presentation of its case-in-chief against defendant prior arrests, convictions, or bad acts. Only by early disclosure by the government of its intention to use Rule 404 (b) evidence and the nature of that proof can the defendant do any meaningful preparation for trial. To permit the government to "spring" previously undisclosed "bad act" evidence during its direct case smacks of trial by ambush, affording the defendant little or no opportunity to gather evidence to refute such proof. The

government should be required to disclose this information, if any, now.

## BRADY MATERIAL

9. The defendant requests that the Court direct the government to provide all material pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny and United States v. Agurs, 427 U.S. 97 (1976). Accordingly, defendant requests the production of all evidence which is (i) exculpatory or otherwise favorable to the defendant; (ii) relevant to the credibility and/or character of the witnesses which the Government seeks to call at the trial of this indictment; or (iii) reveals factual inconsistencies with the proof which shall be presented by the government at trial. These material include, but are not limited to, prior criminal records of government witnesses, prior bad acts of government witnesses, all promises, inducements and agreements, contracts, etc..., which relate to promises of leniency or agreements of immunity made with prosecution witnesses and/or his/her family.

10. In addition, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and United States v. Giglio, 92 S. Ct. 763 (1972) and Brady v. Maryland, supra, the defendant requests that the Court direct the government to disclose the identities of any informants and files pertaining thereto, including but not limited to all promises, inducements and agreements, contracts, etc..., which relate to promises of leniency or agreements of immunity made with an informant and/or his/her family and any information contained therein that arguably affects the informant's credibility and/or speaks of his/her misconduct.

## LEAVE TO JOIN IN MOTION OF CO-DEFENDANT

11. Defendant Robertson seeks permission to join in the motions of his co-defendants to the extent such motions are applicable to him and not inconsistent with the arguments set forth

herein.

WHEREFORE, Defendant Robertson respectfully requests that the Court enter an order granting the relief sought herein, together with any further or other relief as to the Court appears just and proper.

Respectfully submitted,

Dated: New York, NY
December 17, 2007

Richard H. Rosenberg, Esq.
Attorney for Defendant
250 West 57th Street
Suite 1931
New York, NY 10107
Tel: (212) 586-3838
Fax: (212) 974-3225
richrosenberg@msn.com

To:

Parvin Moyne, Esq.
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007