```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA          :

    -against-                     :
                                          07 Cr. 944 (LTS)
COREY ROBERTSON,                  :

          Defendant.              :

- - - - - - - - - - - - - - - - - -X
```

**MEMORANDUM OF LAW RESPONDING TO DEFENDANT'S MOTION**

**MICHAEL J. GARCIA**
**United States Attorney for the**
**Southern District of New York**
**Attorney for the United States**
**of America**

**PARVIN MOYNE**
**Assistant United States Attorney**
**    - Of Counsel -**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA          :

    -against-                     :
                                         07 Cr. 944 (LTS)
COREY ROBERTSON,                  :

         Defendant.               :

- - - - - - - - - - - - - - - - - -X
```

**MEMORANDUM OF LAW RESPONDING TO DEFENDANT'S MOTION**

The Government hereby responds to the motion brought by defendant Corey Robertson for an order directing the Government to file a bill of particulars. For the reasons discussed fully below, the motion should be denied.

## BACKGROUND

The defendant, Corey Robertson, is charged in a three count Indictment. Count One of the Indictment charges the defendant and his two co-defendants, Clive Nelson and Harold Crew, with conspiring, in January 2007, to distribute or possess with the intent to distribute 500 grams or more of cocaine. As detailed in the Complaint, dated August 7, 2007, Robertson, Nelson, and Crew met at a CVS drug store in the Bronx, New York, and provided a co-conspirator with one kilogram of cocaine. Compl. ¶¶ 6-8 (attached).

Count Two of the Indictment charges Robertson with

1

conspiring, from at least November 2004 through February 2005, to distribute and possess with the intent to distribute five kilograms or more of cocaine.  Count Three of the Indictment charges Robertson with using or carrying a firearm during and in relation to the conspiracy charged in Count Two, or possessing a firearm in furtherance of the conspiracy charged in Count Two. As detailed in the Complaint, from approximately November 2004 through approximately February 2005, a co-conspirator provided Robertson with approximately seven kilograms of cocaine, which Robertson then sold and split the proceeds with the co-conspirator.  Compl. ¶ 10.  Additionally, as described in the Complaint, in the winter or spring of 2005, Robertson and the co-conspirator traveled to Virgnia on three diffent occasions.  Id. ¶ 11.  During one of the trips, in about January 2005, which was made in Robertson's car and began at Robertson's residence in New Rochelle, New York, Robertson brought a .40 caliber Taurus semi-automatic handgun with him, which he kept in the truck of his car.  Id.  When they arrived in Virginia, Robertson took the gun out of the trunk, brought it into his cousin's residence, and showed it to his cousins.  Id.

     On December 17, 2007 defendant Robertson filed a motion seeking, among other things, an order directing the Government to file a bill of particulars with respect to Counts Two and Three

of the Indictment.[1]

**ARGUMENT**

The purpose of a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure is to "identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). However, "if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." Id. In exercising its discretion in deciding whether or not to order a bill of particulars, "the court must examine the totality of the information available to the defendant – through indictment, affirmations, and general pre-trial discovery." United States v. Bin Laden, 92 F. Supp. 2d 225, 233 (S.D.N.Y. 2000).

A bill of particulars is neither a general investigative tool for the defense, United States v. Salazar, 485 F.2d 1272, 1277-78 (2d Cir. 1973), nor a device to compel disclosure of the Government's evidence prior to trial, see, e.g., United States v. Gottlieb, 493 F.2d 987, 994 (2d Cir.

---

[1] The other issues raised in defendant's motion were resolved by the Court at the pre-trial conference held on December 20, 2007.

1974). In particular, the Government is not required to disclose:

    a.    The manner in which it will attempt to prove the charges (United States v. Wilson, 565 F. Supp. 1416, 1439 (S.D.N.Y. 1983), disagreed with on other grounds by United States v. Reed, 773 F.2d 477 (2d Cir. 1985));

    b.    The precise manner in which the crimes charged in the indictment were committed (United States v. Andrews, 381 F.2d 377, 377-78 (2d Cir. 1967)); or

    c.    Information that would, in effect, provide the defendant with a preview of the Government's case before trial (United States v. Simon, 30 F.R.D. 53, 55 (S.D.N.Y. 1962)).

The complaint and indictment against Robertson, coupled with the discovery that has been provided in this case, have provided more than sufficient information such that Robertson can prepare his defense for trial.

        In Counts Two and Three of the Indictment, Robertson is charged with conspiring to distribute, or possess with the intent to distribute, five kilograms or more of cocaine, and with using, carrying, or possessing a firearm during and in relation to the conspiracy. Previous to the Indictment, a Complaint was filed against Robertson on August 7, 2007. This Complaint details evidence that gives Robertson sufficient information to prepare for his trial including details of the conspiracy and of Robertson's use, carrying of, and possession of a firearm in relation to and in furtherance of the conspiracy.

        The other information requested by Robertson goes far

further than is required to prepare an adequate a defense. Robertson asks for: (1) specific dates upon which the defendant committed the charged offense; (2) specific addresses where the defendant committed the charged offense; (3) the specific identify of persons present when the alleged offense took place; (4) the specific names of unindicted co-conspirators; (5) the manner in which the firearm was "in furtherance" of a narcotics conspiracy; and (6) whether defendant is alleged to have aided and abetted others or acted as a principcal.  However, as noted above, defense is not entitled to a preview of the Government case or the precise manner in which the crimes alleged in the indictment were committed.  Simon, 30 F.R.D. at 55; Andrews, 381 F.2d at 377-78.  Moreover, the Complaint provides both a timeframe for the offenses and locations at which acts related to the offenses occurred (e.g., the defendant's residence in New Rochelle, New York, and the residence of defendant's cousin in Virginia).

With respect to the request to name unindicted co-conspirators, the decision whether to grant a defendant's request to name unindicted co-conspirators rests "with the sounds discretion of the Court." United States v. Nachamie, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000).  As with other requests included in a bill of particulars, courts should consider whether the defendant has been given adequate information to prepare his case

for trial.  Bortnovsky, 820 F.2d at 574.  However, in the case of naming unindicted co-conspirators, courts must also consider "potential harm to the Government's investigation."  Nachamie, 91 F. Supp. 2d at 572.  Naming unindicted persons may tip off those individuals into continuing investigations.

In this instance, all of the names of the co-conspirators specifically identified in the Complaint are known to defense counsel through either the Complaint, Indictment, discovery, or conversations with counsel.  However, if there are any identified co-conspirators (e.g. "CS") for which defense counsel is not sure of, the Government would be happy to identify them.  However, the Government objects to identifying any possible co-conspirators as there are still outstanding investigations and such identifications would threaten those investigations.

**CONCLUSION**

For the reasons discussed above, defendant's motion should be denied.

Dated:   New York, New York
         January 4, 2008

                                Respectfully Submitted,

                                MICHAEL J. GARCIA
                                United States Attorney


                          By:   /s/ Parvin Moyne
                                Parvin Moyne
                                Assistant United States Attorney
                                (212) 637-2510