UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA

-v-                                                                           No. 07 Cr. 944 (LTS)

COREY ROBERTSON, et al.,

        Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 2 3 2008

### MEMORANDUM ORDER

      Defendant Corey Robertson moves for an order directing the Government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) pertaining to the narcotics conspiracy and distribution offenses with which he is charged in Counts Two and Three of the Indictment.[1] (Robertson Mem. at 2.) Specifically, Defendant seeks information relating to: (1) the specific dates upon which Defendant committed the charged offenses; (2) the specific addresses where Defendant committed the charged offenses; (3) the specific identity of persons present when the alleged offenses took place; (4) the names of unindicted co-conspirators; (5) the manner in which the firearm was used or carried "in furtherance" of the narcotics conspiracy; and (6) whether Defendant is alleged to have aided and abetted others or acted as a principal. (Id. at 3.) Additionally, Defendant moves for an order pursuant to Federal Rule of Criminal Procedure 16 directing the Government to disclose the identities of any informants and files pertaining thereto.

      "Rule 7(f) allows a defendant to seek a bill of particulars to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for

---

[1] Issues relating to the Government's disclosure of evidence pursuant to Federal Rule of Evidence 404(b) and the Government's obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), which were also raised in Defendant Robertson's motion, were resolved at the pre-trial conference held on December 20, 2007.

trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). "If the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." Id. In determining whether a bill of particulars is warranted "[t]he important question is whether the information sought is necessary, not whether it is helpful." United States v. Facciolo, 753 F. Supp. 2d 449, 451 (S.D.N.Y. 1990). Thus, courts in this District commonly deny requests for bills of particulars concerning the "wheres, whens, and with whoms" of the crime. United States v. Ma, No. 03 Cr. 734, 2006 WL 708559, at *14 (S.D.N.Y. Mar. 21, 2006); United States v. Mitlof, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001).

In determining whether to compel the Government to provide a bill of particulars of the names of known, unindicted co-conspirators, the Court considers: (1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the Government otherwise has provided adequate notice of the particulars; (4) the volume of pre-trial disclosure; (5) the potential danger to co-conspirators and the nature of the alleged criminal conduct; and (6) the potential harm to the Government's investigation. United States v. Nachamie, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000).

The granting of a bill of particulars rests within the sound discretion of the Court. United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

The Court has considered thoroughly the parties' submissions and arguments relating to Defendant's application for a bill of particulars. The information sought by Mr. Robertson is similar to the type "routinely denied in the Second Circuit." United States v. Henry, 861 F. Supp. 1190, 1193 (S.D.N.Y. 1994) (denying Defendant's motion for a bill of particulars when Defendant sought information relating to the "whens", "wheres", and "with whoms" of acts and participation in

the charged conspiracy).[2] The indictment in this case clearly specifies the nature of the charged acts, including overt acts in furtherance of the conspiracy, and also details sufficiently the dates and places where and when the alleged events occurred to enable the defendant to prepare for trial, prevent surprise, and interpose any double jeopardy argument that may be necessary. Additionally, the discovery material that the Government already has provided to the Defendant, including a detailed Complaint that includes specific allegations as to travel between New York and Virginia within the specified time frame, specific conversations, encounters with certain individuals, and Defendant Robertson's possession and display of a specified firearm in connection with one of the trips, adequately enables Mr. Robertson to mount a proper defense. Furthermore, at the December 20, 2007, pre-trial conference, the Government undertook to provide the Defendants with 18 U.S.C. § 3500 materials sufficiently in advance of trial to prevent any prejudicial surprise. There is no suggestion that either the scope of the alleged conspiratorial conduct or the volume of discovery material necessitates the further identification of persons, places or events to enable Defendant properly to prepare for trial.

Nor does the record indicate that the informants' names and files are properly within the scope of Rule 16 disclosure in this case. Defendant does not specify which element of Rule 16 he relies on, and the only one arguably applicable appears to be Rule 16(a)(1)(E)(i), which requires the pre-trial production of evidence material to preparing the defense of the case. The Second Circuit has defined such evidence as follows:

---

[2] Defendant requests the Government to disclose whether Defendant is alleged to have aided and abetted others or acted as a principal. The Indictment does not cite to the aiding and abetting statute in connection with either of the charges, nor does the Government allude to that principle in its papers. Accordingly, there is no indication that the Government intends to proceed with any aiding and abetting allegations and, thus, this request is also denied.

> Evidence that the government does not intend to use in its case in chief is material if it could be used to counter the government's case or to bolster a defense; information not meeting either of those criteria is not to be deemed material within the meaning of the Rule merely because the government may be able to use it to rebut a defense position. . . . Nor is it to be deemed material merely because it would have dissuaded the defendant from proffering easily impeached testimony.

United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993). "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case." United States v. Maniktala, 934 F.2d 25, 28 (2d Cir. 1991) (quoting United States v. Ross, 511 F.2d 757, 762-63 (5th Cir. 1975)) (further citation omitted). The defendant is responsible for demonstrating a prima facie showing of materiality. "To establish a showing of materiality, a defendant must offer more than the conclusory allegation that the requested evidence is 'material.'" United States v. Walker, No. 96 Cr. 736, 1997 WL 327093, at *2 (S.D.N.Y. June 12, 1997). Here, Defendant has failed to make any showing whatsoever relating to his Rule 16 burden. Accordingly, his Rule 16 application is denied.

The Court notes, furthermore, that the Government is usually not required to disclose the identity of a confidential informant. See United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997). This "informer's privilege" was created to encourage individuals to provide information to the Government about criminal activity without fearing potential harassment or other serious harms. The information that the Government receives from informers often protects the safety of the public and generally promotes effective law enforcement. To the extent, of course, that informer-related information constitutes Brady material and would have to be produced. The Court understands that the Government recognizes its production obligations. (See supra n. 1.)

The Government represents that it has given Defendant information relating to the names of the co-conspirators identified in the Complaint. In its opposition papers, the Government

has also expressed its willingness to disclose the identities of any co-conspirators already identified to defense counsel through either the Complaint, the Indictment, the discovery materials, or conversations that have already taken place between counsel. The Court, after weighing the Nachamie factors and the relevant standards, finds the details of the alleged conspiracy that have been provided or proffered by the Government sufficient to allow Defendant to prepare adequately his defense and that no further disclosure regarding the identities of unindicted co-conspirators or witnesses is warranted. The Court notes in this connection that Government's proffer in its responsive papers that disclosure of the names of unindicted co-conspirators and potential informants could jeopardize the Government's investigation, as well as endanger any potential witnesses to the criminal activity. Cf. Nachamie, 91 F. Supp. 2d at 573.

Accordingly, Defendant Robertson's applications for a bill of particulars and an order pursuant to Federal Rule of Criminal Procedure 16 are denied. This Memorandum Order resolves docket entry no. 35. A pre-trial conference in this matter is scheduled for January 25, 2008, at 3:00 p.m.

SO ORDERED.

Dated: New York, New York
January 23, 2008

LAURA TAYLOR SWAIN
United States District Judge