Richard H. Rosenberg
Attorney at Law
250 West 57th Street
Suite 1931
New York, New York 10107
Tel.: 212-586-3838
Fax.: 212-974-3225

January 24, 2008

Hon. Laura T. Swain
United States District Court Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: United States v. Robertson**
**07 Cr. 944-01 (LTS)**

Dear Judge Swain:

      By letter dated January 15, 2008 the government has indicated its intention to seek to introduce other "bad act" evidence pursuant to Fed. R. Evid. §404 (b). Specifically, the government will seek to introduce evidence that my client, Corey Robertson, stored the drug PCP at an apartment in the Bronx and sold PCP in the Bronx from approximately 2002 up to and including the month of his arrest on this case in August 2007. The stated grounds the government puts forth are that such evidence would establish the defendant's motive, intent, opportunity, or absence of mistake. We object to the introduction of such evidence.

      The government is required to articulate precisely the evidentiary hypothesis upon which its proffer of such evidence rests, <u>United States v Morgan</u>, 936 F.2d 1561 (10th cir. 1991) and not merely rely on the blunderbuss approach of setting forth each traditional ground allowed by the rule. The indictment presently charges the defendant with a conspiracy to distribute cocaine on January 28, 2007; a separate conspiracy to possess and distribute cocaine during the period November 2004 to February 2005; and the possession of a firearm in furtherance of the November 2004/February 2005 conspiracy charge. There is nothing offered at this time by the government demonstrating how their proffered evidence is precisely relevant to any of these charges.

      The Supreme Court has set forth four requirements for the exercise of judicial discretion

in permitting Rule 404 (b) evidence: Prior bad act evidence must be (1) offered for a proper purpose, (2) relevant, and (3) substantially more probative than prejudicial. Huddleston v. United States, 485 U.S. 681, 691-92 (1988); United States v. Downing, 297 F. 3d 52 (2d Cir. 2002).

It appears that the proffered evidence is being offered solely to show the defendant's propensity to commit the crimes charged in the indictment in contravention of Rule 404 (b). Moreover, even if the proffered evidence is determined by the court to be relevant under one of the recognized grounds for admission of bad act evidence, the court must also determine whether its probative value is substantially outweighed by the risk that its admission will result in unfair prejudice to the defendant. Fed. R. Evid. § 403.

The evidence sought to be introduced by the government is tantamount to an attempt to establish that the defendant is, simply put, a drug dealer. It's probative value to the issue of whether he conspired to sell cocaine on a single occasion in 2007 or conspired to distribute cocaine in late 2004 early 2005 is, if not nil, clearly outweighed by the substantial prejudice that would befall the defendant. *See* e.g. United States v. Brewer, 1 F.3d 1430 (4th cir. 1993).

In the event the government comes forth with a more specific basis for its Rule 404 (b) proffer, it is respectfully requested that the defendant be afforded the opportunity to address and respond to that further basis.

                                                    Respectfully submitted,

                                                    Richard H. Rosenberg
                                                    Attorney for Corey Robertson